# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. 1:21-cr-00077-WES-AEM |
| | ) | |
| DAVID SKALLY, | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

AMY E. MOSES, United States Magistrate Judge.

Pending before the Court is the Motion for Permission to Appeal In Forma Pauperis ("IFP") filed by David Skally. ECF No. 93. The IFP motion has been referred to me. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a).

Following a jury trial, Mr. Skally was found guilty of Access with Intent to View Child Pornography and Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). He was sentenced to 120 months incarceration to run concurrently with the sentence imposed in 1:16-cr-00098-WES-LDA, followed by 10 years Supervised Release with special conditions. ECF No. 90.

Mr. Skally proceeded in the District Court with retained counsel and now moves on appeal to proceed IFP. 28 U.S.C. § 1915(a)(1). In a criminal matter, the standard the Court must consider is whether the Defendant is "financially unable" to obtain adequate representation. 18 U.S.C. § 3006A(a)-(b).

Federal Rule of Appellate Procedure 24 sets forth the steps a litigant must take to obtain approval to appeal IFP. Federal Rule of Appellate Procedure 24(a) requires a litigant seeking IFP

status on appeal to provide the District Court with an affidavit that (1) demonstrates the party's inability to pay in the detail prescribed by Form 4 of the Appendix of Forms; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. Here, the Court need not proceed past the first step of the three-part test because after review of his Motion and attached Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis ("Affidavit") (ECF No. 93-1), the Court recommends that the District Court find that Mr. Skally has not demonstrated that he is financially eligible to proceed IFP.

The Sixth Amendment of the United States Constitution provides a criminal defendant with the right to "assistance of counsel for his defense." Federal Rule of Criminal Procedure 5(d)(1)(B) requires that, at a defendant's initial court appearance on a felony charge, the court inform the defendant of his "right to retain counsel or to request that counsel be appointed if the defendant cannot obtain counsel." Each District Court must have "a plan for furnishing representation for any person [charged with a felony] financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). Pursuant to the District of Rhode Island's Criminal Justice Act ("CJA") Plan, if the Court determines that the defendant is financially unable to retain private counsel, it shall appoint the Federal Defender or an attorney on the Court's CJA Panel to represent the defendant at no cost. However, if the Court later determines that a defendant has assets from which to pay attorneys' fees, it may, "at any time," order the defendant to pay all or any portion of any attorneys' fees incurred. Id.; 18 U.S.C. § 3006A(c), (f). As the Court noted, Defendant did not assert an entitlement to appointed counsel until his direct appeal. Although the burden of establishing financial eligibility for court-appointed counsel is on the defendant, that burden does not require a showing of complete indigency or destitution. See United States v. Santiago-Fraticelli, 818 F. Supp. 27, 29-30 (D.P.R. 1993). Nevertheless, the Court finds that based on the information

submitted, Defendant is not entitled to IFP status on appeal based on the information he provided in his Affidavit indicating he has significant assets available.

Mr. Skally's Affidavit was signed on June 10, 2025 and states that he currently has approximately $25,000 in a checking account. He also states that he owns a home at 35 Hampton Street in Providence, Rhode Island that is assessed by the City of Providence for tax purposes at $469,500. He does not indicate that he has a mortgage on the home. He owns an unregistered 2011 Jeep Compass. He states that he has monthly expenses of $400 for "electricity, heating fuel, water, sewer and telephone." He notes that owes a $10,200.00 special assessment as a result of his conviction and has been incarcerated since August 2021. The Court is tasked with balancing the realistic financial circumstances of Defendant's detention with the assets and expenses that he sets forth in his Financial Affidavit. On the basis of the total assets listed, Mr. Skally has not demonstrated that he is eligible for IFP status.

For all the reasons detailed herein, this Court recommends that the District Judge deny Mr. Skally's Motion for Permission to Appeal IFP. ECF No. 93. Any objections to this Report and Recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this Report and Recommendation. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See LR Cv 72(d); Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


/s/ Amy. E. Moses
AMY E. MOSES
United States Magistrate Judge
July 24, 2025